**GOVERNMENT DATA:** Where members of governing body are considered employees of governmental unit, personal information submitted by applicants for appointment to fill vacancies on the body is private personnel data except for items designated as public by Minn. Stat. § 13.43, subd. 3 and 13.601, subd. 3.

**852**

July 14, 2006

Terry Adkins
Rochester City Attorney
201-4th Street SE, Room 247
Rochester, MN 55904-3780

Dear Mr. Adkins:

Thank you for your correspondence of January 27, 2006 requesting an opinion from the Attorney General with respect to the issue discussed below.

## FACTS AND BACKGROUND

You state that prior to 2005, in cities that considered council members to be "city employees," data pertaining to persons seeking appointment to fill vacancies in council positions was classified as personnel data pursuant to Minn. Stat. § 13.43, subd. 3. This treatment was based on opinions of the Commissioner of Administration dated November 29, 1999 and May 7, 2003.

In 2005, the legislature adopted Minn. Stat. § 13.601, subd. 3 which states:

The following data on all applicants for election or appointment to a public body, including those subject to chapter 13D, are public: name, city of residence, education and training, employment history, volunteer work, awards and honors, and prior government service or experience.

On November 18, 2005, the Commissioner of Administration issued an Opinion 05-036, which concluded that Minn. Stat. § 13.601, subd. 3 merely restated in part the general presumption that all government data are public, and did not have the effect of classifying any data not mentioned in the subdivision as other than public. The Commissioner further concluded that, since no other provisions of law provided for classification of "contact information" for city council applicants or candidates, all data pertaining to applicants or candidates maintained by the city must be considered public.

Based upon the foregoing, you request the opinion of the Attorney General on the following question:

> Is government data beyond that listed in Minn. Stat. § 313.601, subd. 3 contained in applications for election or appointment to a public body, whose members are considered to be city employees, classified as public?

## LAW AND ANALYSIS

First, pursuant to Minn. Stat. § 13.03, subd. 1, all government data is considered public unless it is otherwise classified by state statute, federal law or temporary classification. Consequently, the bulk of Minn. Stat. ch. 13, the Minnesota Government Data Practices Act (MGDPA), consists of statutes that classify data as other than public.

Second, one such section is Minn. Stat. § 13.43 which deals with personnel data, defined as:

> Data on individuals collected because the individual is or was an employee of or an applicant for employment by, performs services on a voluntary basis for, or acts as an independent contractor with a government entity.

*Id.*, subd. 1. As to personnel data, the MGDPA's normal presumption that government data is public, is reversed. Instead, that section specifically identifies the elements of personnel data that are public and classifies the remainder as private data on individuals. *Id.*, subd. 4.

> Subdivision three provides:

> Subd. 3. Applicant data. Except for applicants described in subdivision 5 [under-cover law enforcement officers] the following personnel data on current and former applicants for employment by a government entity is public: veteran status; relevant test scores; rank on eligible list; job history; education and training; and work availability. Names of applicants shall be private data except when certified as eligible for appointment to a vacancy or when applicants are considered by the appointing authority to be finalists for a position in public employment. For purposes of this subdivision, "finalist" means an individual who is selected to be interviewed by the appointing authority prior to selection.

Third, the MGDPA does not expressly state whether elected officials are to be considered employees for purposes of section 13.43. Consequently, prior to 2005, opinions of the Commissioner of Administration consistently stated that data concerning elected officials would be classified under section 13.43 if the governmental unit that the official serves considers the official to be an employee. *See, e.g.,* Opinions of the Commissioner of Administration 95-041, 01-039, 02-013, 03-011 and 04-064. Specifically, Opinion 01-039 determined that, in a city where council members were considered to be employees, data concerning applicants for

appointment to a vacant council position were classified according to Minn. Stat. § 13.43, subds. 3 and 4.

Fourth, in accordance with these opinions, local officials in many cases would not disclose even the identity of persons seeking appointment to vacant elective offices, and in some instances were also reluctant to disclose information contained in election filings. Consequently, legislation was introduced in the 2005 legislative session to address the issue.

In the March 29, 2005 hearing of the House Civil and Election Committee, Sandy Maron, on behalf of the Minnesota Newspaper Association, addressed a proposed amendment to Minn. Stat. § 13.43, subd. 3 intended to clarify that the names and addresses of applicants for council positions would be treated as public.

> This is a very simple bill. [HF 1129] We found that some local officials were nervous about disclosing the names of people who were filing to fill vacancies in elected office. In other words, a city councilperson resigned, they needed to fill the vacancy and then people who were applying, when the public asked for the names of people who are applying to fill these vacancies, some city officials were nervous about disclosing this saying names because it fell under personnel data and they would be in violation of the Data Practices Act. So this bill is simply narrowly directed to say that anyone who is applying to fill a vacancy in elected office is clearly public data and we have spoken about this with the League of Cities, township associations school boards. None of them have a problem with those issues of narrowing it.

Likewise, in a February 24, 2005 hearing on SF 965, the companion bill, before the Senate Judiciary Subcommittee on Data Practices, Senator Don Betzold stated:

> Mr. Chair, the issue came up which was brought to my attention that when you have some government entities that are filling positions such as when a city council has a vacancy and the leading members of the city council are trying to fill the vacancy, there is no requirement in the statute that the applicants applying for the vacancy be made public. So you can have a situation where a city council is taking applicants for the vacant city council position, but members of the public might want to know who's applying for the vacancy and they know the public doesn't have to be told until such time that the appointment is actually made. And I think that is clearly an oversight in the statute. I think this is something that the public would have an interest in knowing. *So this would require that the identity of the applicants to these government entities become public.*

(Emphasis added).

When the proposed clarification was amended into the 2005 Omnibus Data Practices Bill, HF 225, however, the proposed language was much broader than that described in these statements. It would have amended Minn. Stat. § 13.601 to add a subdivision which would read:

> Subd. 3. [Applicants For Election Or Appointment.] *All data* about applicants for election or appointment to a public body, including those public bodies subject to chapter 13D, are public.

(Emphasis added). *See* Journal of the Senate for April 7, 2005 at 1617, 1639; Journal of the House for April 14, 2005 at 1717, 1813. Ultimately, such all-inclusive language was considered too broad, and was therefore amended to the more limited version quoted above, which passed as section 13.601, subdivision 3. *See* Journal of the House for May 17, 2005 at 4073, 4075; Journal of the Senate for May 21, 2005 at 3025. As Senator Betzold explained on the Senate floor:

> Mr. President, members we already have language in the bill that describes the situation where somebody is applying for an appointment either for say a city council vacancy or some commission appointment. Right now there is no requirement that that information even be public information, so we don't even know whose applying for this situation. But the language that we have in the bill right now was reviewed over the last few weeks and found to be overly broad. This narrows it down as to the information that will be disclosed.

Fifth, Minn. Stat. § 645.16 (2004), provides:

> When the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters:
>
> (1)   the occasion and necessity for the law;
> (2)   the circumstances under which it was enacted;
> (3)   the mischief to be remedied;
> (4)   the object to be attained;
> (5)   the former law, if any, including other laws upon the same or similar subjects;
> (6)   the contemporaneous legislative history; and
> (7)   legislative and administrative interpretations of the statute.

Furthermore, statutes should be interpreted to give effect to all their provisions so that no statutory language is superfluous. *See, e.g., American Family Ins. Co. v. Schroedl,* 616 N.W.2d 273, 277 (Minn. 2000).

The foregoing legislative and administrative history shows that the enactment of Minn. Stat. § 13.601, subd. 3 (Supp. 2005) was intended to be a measured response to the Commissioner of Administration's numerous opinions that data on applicants for appointment to elective positions would be treated as personnel data if those positions are considered

"employment," resulting in a "private" classification for information including the identity and residency of applicants. There is no indication, however, that the legislature intended to supersede the Commissioner's interpretation in its entirety, and render all data on such applicants public under the general presumption of section 13.03. Such an interpretation is inconsistent with the legislature's deliberate decision to reject all-inclusive language in favor of a narrower list of data elements that must be considered public. Such an interpretation would also render the specific terms of section 13.601, subdivision 3 essentially meaningless.

In our view that subdivision is not merely a partial restatement of the general presumption that all government data are public, but a limited exception to a private classification that might be imposed under another statute such as Minn. Stat. § 13.43. Therefore, while we agree with the Commissioner's conclusion that the listing of public data elements in section 13.601, subdivision 3 does not mean that "all other data on applicants" is private, we do not agree that "there is no provision classifying [any] contact information on city council candidates as private." Rather, some data concerning such applicants as well as incumbents of those offices may be classified as private under section 13.43 if the incumbents are considered to be employees of governmental unit they serve.

## OPINION

Based upon the foregoing it is our opinion that, where members of a governing body are considered employees of the governmental unit, data submitted by applicants for appointment to positions on the body would be classified as private personnel data pursuant to Minn. Stat. § 13.43, *except for* those items expressly made public by Minn. Stat. § 13.43, subd. 3 or 13.601, subd. 3.

Very truly yours,

KENNETH E. RASCHKE, JR.
Assistant Attorney General

(651) 297-1141 (Voice)
(651) 297-1235 (Fax)

AG: #1577697-v1